**MCGUIREWOODS LLP**
DAVID C. POWELL SBN #129781
dpowell@mcguirewoods.com
Todd J. Dressel SBN #220218
tdressel@mcguirewoods.com
Athena G. Rutherford SBN #328824
arutherford@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA  94111-3821
Telephone:  415.844.9944
Facsimile:  415.844.9922

MOLLY M. WHITE SBN #171448
mwhite@mcguirewoods.com
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

*Attorneys for Wells Fargo & Company and Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO UNAUTHORIZED PRODUCTS LITIGATION | CASE NO. 3:24-cv-01223-TLT<br><br>[Consolidated with Case No.: 24-cv-01348; 24-cv-01380; 24-cv-01468; 24-cv-01496; 24-cv-01883; 24-cv-02269; 24-cv-01964]<br><br>Hon. Judge Trina Thompson<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** June 6, 2024<br>**Time:** 2:00 p.m.<br>**Judge:** Hon. Trina L. Thompson<br>**Courtroom**: 9 (via Zoom)<br><br>Consolidated Complaint Filed: May 1, 2024 |

Plaintiffs Amanda Gonzales, Christopher Barker, Nazia Barker, Matt Boyle, Matt Brady, Jane Cothern, Latonya Gore, Basil Higgs, Matt Huber, Linda Jordan, Natalya Kashirina, Chad Nicholson, Alcira Rocha, Carey Runzel-Oberly, Steve Shapiro, Winfred "Mo" Thomas, Sara White, Joseph Young, and Trevor Zander ("Plaintiffs") and Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company ("Wells Fargo" or "Defendants") (collectively, the "Parties"), having met and conferred by videoconference on May 29, 2024, regarding the matters set forth herein, hereby submit this joint case management statement pursuant to Civil Local Rule 16-9 and the Court's Order dated March 11, 2024 (ECF-17), as well as Rule 26(f) of the Federal Rules of Civil Procedure, in advance of the Initial Case Management Conference scheduled for June 6, 2024, at 2:00 p.m., via Zoom.

**JURISDICTION AND SERVICE**

Plaintiffs claim that jurisdiction pursuant to 28 U.S.C. § 1332(d), as this is a class action pursuant to the Class Action Fairness Act ("CAFA"). Plaintiffs claim that the Court also has jurisdiction pursuant to 28 U.S.C. § 1331, as one of the Plaintiffs' claims for relief is for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

Defendants do not contest the jurisdiction of this Court.

**FACTS**

Plaintiffs: Plaintiffs filed their Consolidated Class Action Complaint for Damages (Doc. 57) asserting claims for Statutory Relief under the Fair Credit Reporting Act (Count I), the California Unfair Competition Law (Count II), violations of the consumer protection statutes for the states of New Mexico, Minnesota, Nevada, Georgia, North Carolina, Texas, Arkansas, New Jersey, South Carolina, and Mississippi (Counts III through XIII), and causes of action for Unjust Enrichment (Count XIV). Conversion (Count XV), and Invasion of Privacy by Intrusion Upon Seclusion (Count XIV).  The Plaintiffs allege Wells Fargo unilaterally and without consent enrolled the Plaintiffs and putative class members in add-on products to existing Wells Fargo accounts held by the Plaintiffs and putative class members, collected fees from the Plaintiffs and putative class members without their knowledge or consent, and Wells Fargo also concealed this information from Plaintiffs and putative class members until November 2023 despite Wells Fargo

having knowledge of this illegal activity.

Defendants: This case stems from Wells Fargo's remediation efforts related to add-on products ("AOPs") (e.g., Identity Theft Protection, Credit Defense, etc.) that named Plaintiffs may have no longer wanted. As a result of Wells Fargo remediation efforts, it sent various populations of customers letters related to AOP enrollments (many enrollments took place more than 10 years ago) that Wells Fargo suspected may have been unauthorized or unwanted. In these letters, Wells Fargo requested its customers contact the Bank if they believed their enrollment was unauthorized or unwanted, and even provided checks—no questions asked—to certain customers. To the extent customers received a check, it was not tied to a release of claims, nor does it preclude the customer from participating in the instant litigation. Though Plaintiffs allege enrollment in these AOPs was unauthorized, and that Wells Fargo extracted fees and costs to pay for these unauthorized enrollments, Wells Fargo's preliminary investigation reveals a different story. An initial investigation shows numerous indicia that Plaintiffs consented to enrollment in AOPs, that many named Plaintiffs never paid a dime for these AOPs, and that named Plaintiffs were on notice of their AOP enrollment through various means (e.g., billing statements, invoices, welcome kits sent to Plaintiffs by AOP vendors, etc.). Accordingly, Wells Fargo's position is that the Amended and Consolidated Complaint must be dismissed for a multitude of reasons.

## LEGAL ISSUES

1. Plaintiffs: The key legal issues in this case are: (1) Whether the actions of the Defendants in placing the AOP's on the accounts of the Plaintiffs and putative class members was authorized; (2) Whether the actions of the Defendants in placing the AOP's on the accounts of the Plaintiffs and putative class members and earning fees from the AOPs caused the Plaintiffs and putative class members to suffer damages; (3) Whether Defendants' actions related to the AOP's violates the Fair Credit Reporting Act; (4) Whether Defendants' actions related to the AOP's violates the UCL; (5) Whether Defendants' actions related to the AOP's constitute violations of the various state consumer protection statutes(the "State UDAP States"); (6) Whether Plaintiffs and putative state subclass members are entitled to an award of statutory damages for the violations, as

applicable, for the State UDAP statutes; (7) Whether Plaintiffs and putative state subclass members are entitled to an award of punitive damages for the violations, as applicable, for the State UDAP statutes; and (8) Whether the Plaintiffs can meet the requirements for this action to be maintained as a class action.

<u>Defendants:</u> Wells Fargo does not believe Plaintiffs' claims should survive a Rule 12 motion, does not believe that any class is certifiable given the individualized nature of the proposed claims, that Plaintiffs have any cognizable claims against Wells Fargo, or that Plaintiffs have any damages. The Amended and Consolidated Complaint suffers from numerous fatal defects, and Defendants do not expect further amendment will correct those shortcomings.

## MOTIONS

<u>Plaintiffs:</u> At this time, Plaintiffs anticipate filing an Amended Consolidated Complaint after reviewing Defendants' forthcoming Motion to Dismiss and/or following any ruling on the Motion to Dismiss. Plaintiffs will also file a Motion for Class Certification and reserve the right to file a Motion for Summary Judgment as to liability on any count after the close of discovery.

<u>Defendants:</u> Defendants anticipate filing Motions to Dismiss and for Summary Judgment.

## AMENDMENT OF PLEADINGS

<u>Plaintiffs:</u> The Plaintiffs anticipate filing an Amended Consolidated Complaint after Defendants' forthcoming Motion to Dismiss.

<u>Defendants:</u> Wells Fargo continues to believe any further amendment of the Amended and Consolidated Complaint will be futile, and that the claims stated therein should be dismissed.

## EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps they have taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties will meet and confer with one another regarding any specific preservation requests.

## DISCLOSURES

The Parties will exchange initial disclosures on or before June 20, 2024.

# DISCOVERY

The Parties have not exchanged any discovery requests to date, though Wells Fargo has made a production pursuant to the Court's Order (ECF-63) detailing the names of AOPs and their vendors for which named Plaintiffs were enrolled from 2008 to present for all AOPs referenced in the Amended and Consolidated Complaint. The Parties agree to meet and confer in the future if a stipulated e-discovery order becomes necessary. The Parties anticipate submitting a proposed protective order.

Inadvertent disclosure of privileged material will be governed by Rule 26(b)(5)(B) and the terms of the protective order will be agreed upon by the Parties.

The Parties agree the following categories of documents shall not be required to be logged: (a) any documents that have been produced in redacted form; (b) attorney-client communications involving in-house and/or outside counsel; and (c) internal communications between counsel.

Plaintiffs: Plaintiffs anticipate the need to take discovery on all subjects related to Defendants' conduct as alleged in the Complaint, including (1) the number of putative class members, (2) the specific types and specific numbers of AOP's placed on the accounts of the Plaintiffs and putative class members by the Defendants, (4) the amount of feescollected by the Defendants from the AOP's placed on the accounts of the Plaintiffs and putative class members (5) the identity of all third party companies who provided the AOPs, if the AOP was not a product of the Defendants, (6) all payments made to third party companies by Wells Fargo for the AOPs placed on the accounts of the Plaintiffs and putative class members, (7) all correspondence between the Defendants and putative class members related to the AOPs, (8) all correspondence between the Defendants and third party companies regarding the AOPs placed on the accounts of the Plaintiffs and putative class members, (9) all internal memorandum in the possession of the Defendants related to the AOPs (10) all internal memorandum in the possession of the Defendants related to the AOPs that was disseminated to Wells Fargo employees,(11) all communications between the Defendants and JAMS regarding the voluntary mediation program, (12) the identities of all persons that Wells Fargo has paid voluntary remediation in the Apology Letters that Wells Fargo began sending to the Plaintiffs and putative class members beginning in November 2023,

(13) the amounts paid by Wells Fargo voluntarily in the voluntary remediation program to Plaintiffs and putative class members, (14) the number of mediations that Wells Fargo has participated in with Plaintiffs and putative class members related to the AOPs, (15) the amounts, if any, paid during mediation by Wells Fargo during the voluntary mediation process with JAMS, and (16) all internal memorandum, notes, calculations, etc. maintained by the Defendant in making the decision as to the amounts of voluntary remediation paid by Wells Fargo to the Plaintiffs and putative class members.

Plaintiffs believe this discovery can be accomplished with at least one comprehensive set of written discovery requests to the Defendants, one deposition pursuant to Civ. R. 30(b)(6), at least one Civ. R. 30(b)(1) deposition of persons identified in discovery by the Defendants as knowledge as to the topics related to the AOPs, a subpoena to each of the third party companies that maintain the AOPs, and a subpoena to JAMS.

<u>Defendants</u>: To the extent that any claims survive Wells Fargo's anticipated Motion to Dismiss, Defendants intend to seek discovery from Plaintiffs, including Requests for Admission, Requests for Production, Interrogatories, and depositions.

## **CLASS ACTIONS**

<u>Plaintiffs</u>: **Plaintiffs' Statement:** Pursuant to Civil L.R. 16-9(b), Plaintiffs state the following regarding this class action:

(1)  The specific paragraphs of Fed. R. Civ. P. 23 under which this action is maintainable as a class action:

Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3) and 23(c)(4).

(2)  A description of the class or classes in whose behalf the action is brought:

Plaintiffs seek to certify a class defined as follows:

All persons in the United States to whom Wells Fargo sent at least one letter stating that they were enrolled in any product or service other than an Unauthorized Account covered by the settlement in *Jabbari v. Wells Fargo & Co.,* No. 3:15-cv-02159-VC (N.D. Cal.)

1    In addition to the class, Plaintiffs, through individually designated Class Plaintiffs, seek to
2    certify twelve separate subclasses described in Paragraphs 228 through 239 of the Consolidated
3    Complaint.

4        (3)    Facts showing that the Plaintiffs are entitled to maintain the action under Fed. R.
5              Civ. P. 23(a) and 23(b):

6    Plaintiffs maintain that the facts of the case will show the following: (a) Plaintiffs and/or
7    putative class members had a contractual relationship with the Defendants; (b) Defendants
8    maintained AOP's on the accounts of the Plaintiffs and putative class members without their
9    consent; (c) Defendants received material benefit from the AOP's placed on the accounts of the
10   Plaintiffs and putative class members without their consent including collection of service fees and
11   payments to/from third party vendors of the AOP products; (d) Defendants knew of the placement
12   of the AOP's placed on the accounts of the Plaintiffs and putative class members without their
13   consent well before beginning to send notice in November 2023; (e) Plaintiffs and putative class
14   members suffered actual damages as a result of the Defendants' actions described in the
15   Complaint; (f) The damages suffered by the Plaintiffs and putative class members as a result of the
16   conduct of the Defendants are typical as to each member of the class regardless of the particular
17   AOP(s) placed on the account of the individual Plaintiffs and putative class members by the
18   Defendants; and (g) Based upon the uniform conduct of the Defendants, a class action is the
19   superior method to adjudicate the harms suffered by the Plaintiffs and putative class members.

20       (4)    A proposed date for the Court to consider whether the case can be maintained as a
21             class action:
22             Plaintiffs intend to file their motion for class certification by the date jointly
23             proposed in the Scheduling Section of this Joint Case Management Statement.
24   Plaintiffs' counsel have reviewed Procedural Guidance for Class Action Settlements.
25   <u>Defendants:</u> Wells Fargo will vigorously oppose class certification. The claims described
26   in the Amended and Consolidated Complaint require an individualized inquiry, and Plaintiffs'
27   claims are not typical of any putative class. Individual factual issues—such as the type and extent
28   of injury (if any) suffered, which AOPs each named Plaintiff was purportedly enrolled in, the

length of time each Plaintiff was enrolled in an AOP, whether the AOP enrollment at issue was unauthorized or merely no longer wanted, the amount paid (if anything) for the AOP, etc.—predominate Plaintiffs' claims. Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 23(a), 23(b)(2), or 23(b)(3). A class action is not the superior or most efficient way to adjudicate individual harm.

## **RELATED CASES**

The Parties are aware of one additional existing case pending in the United States District Court for the Eastern District of California which has not been related or consolidated: *Arik Haydn v. Wells Fargo Bank, N.A. and Wells Fargo & Company*, Case No. 1:24-cv-00505. Plaintiffs' Co-Lead Counsel are diligently working with counsel for the plaintiffs in the other pending matter to agree to voluntary transfer of their action.

## **RELIEF**

1. <u>Plaintiffs:</u> Plaintiffs are seeking damages which include, but are not limited to: (1) General Damages. Plaintiffs are seeking actual damages in a total amount to be determined at trial for the allegations contained in the Complaint; (2) Special Damages. Damages for annoyance and discomfort, loss of use of enjoyment of personal property, loss of time related to the voluntary remediation proceedings, inconvenience and emotional distress as applicable for the allegations contained in the Complaint. (3) Statutory damages for the violations of the Fair Credit Reporting Act as alleged in Count I of the Complaint, for the violations of the UCL as alleged in Count II of the Complaint, and/or for the violations of the State UDAP Statutes as alleged in Counts III through XIII of the Complaint; (4) Punitive damages, as applicable, for the allegations contained in Counts II through XVI of the Complaint; (5) Plaintiffs will seek an award of all reasonable attorneys' fees and costs of this action, as applicable, for the allegations contained in the Complaint.

In addition to the monetary damages referenced above, Plaintiffs are seeking non-monetary relief which includes, but is not limited to: (1) Certification of a Class and subclasses pursuant to Fed. R. Civ. P. 23; (2) Appointment of Plaintiffs as Class Representatives; and (3) Appointment of Plaintiffs' counsel as Class Counsel.

Defendants: To date, Wells Fargo has not filed an Answer or any counterclaims. Defendants' position is that Plaintiffs have failed to state any claim against them and that the Amended and Consolidated Complaint should be dismissed.

## SETTLEMENT AND ADR

The Parties are amenable to private mediation, and anticipate participating in two mediation sessions over the course of June and July, 2024.

## OTHER REFERENCES

The Parties have not determined this matter's suitability for reference to binding arbitration or a special master, but agree it is not suitable for the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The Parties are amenable to meeting and conferring regarding narrowing issues.

## SCHEDULING

The Parties propose the following revisions to the Tentative Case Scheduling Order entered on May 14, 2024 (ECF-62):

| **Description** | **Deadline** | **Proposed Deadline** |
|---|---|---|
| Initial CMC | June 6, 2024 at 2:00 pm | N/A |
| Initial Disclosures | June 20, 2024 | N/A |
| Response to Amended and Consolidated Complaint | July 18, 2024 | N/A |
| Motion for Lead Counsel | July 16, 2024 | N/A |
| Fact Discovery Cut-Off | August 15, 2024 | August 15, 2025 |
| Further CMC | October 31, 2024 at 2:00 pm | N/A |
| Expert Discovery Cut-Off | November 22, 2024 | November 24, 2025 |
| Expert Reports | Opening Reports: September 20, 2024  Rebuttal Reports: | Opening Reports: September 19, 2025  Rebuttal Reports: |

| | | | |
|---|---|---|---|
| | | October 18, 2024 | October 20, 2025 |
| | Motion to Dismiss | Last Day to File:<br><br>November 29, 2024<br><br>Last Day to be Heard:<br><br>February 25, 2025 | Last Day to File:<br><br>November 28, 2025<br><br>Last Day to be Heard:<br><br>February 24, 2026 |
| | Class Certification Hearing | Last Day to File:<br><br>May 2, 2025<br><br>Last Day to Be Heard:<br><br>July 22, 2025 at 2:00 pm | Last Day to File:<br><br>May 1, 2026<br><br>Last Day to Be Heard:<br><br>July 21, 2026 at 2:00 pm |
| | Dispositive Motions | Last Day to File:<br><br>February 12, 2026<br><br>Last Day to Be Heard:<br><br>April 14, 2026 at 2:00 pm | N/A |
| | Final Pretrial Conference | Joint Pretrial Statement due:<br><br>June 4, 2026<br><br>Hearing:<br><br>July 2, 2026 | N/A |
| | Trial | August 31, 2026<br><br>14 days | N/A |

**TRIAL**

Plaintiffs:  At this stage of the proceedings, Plaintiffs agree to the Court's proposed trial length of 14 days as a jury trial with the Plaintiffs calling no more than 30-45 live witnesses and the Defendants calling no more than 10 live witnesses.

Defendants: Defendants agree to the Court's proposed trial length of 14 days, which

should be a bench trial.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs: The Plaintiffs certify that as of this date, there is no conflict of interest (other than the named parties) to report.

Defendants: Wells Fargo certifies that as of this date, other than the named Parties, there are no other interested entities or persons.

**PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**CONCLUSION**

The Parties are not aware at this time of other matters that may facilitate the just, speedy, and inexpensive disposition of this case.

DATED: May 30, 2024

By   s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
tom@attorneyzim.com

Marc E. Dann (OH 0039425)*
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
notices@dannlaw.com
*Admitted Pro Hac Vice

Interim Co-Lead Class Counsel

Derek W. Loeser
(Pro Hac Vice forthcoming)

|   |   |
|---|---|
| 1 |  |
| 2 | KELLER ROHRBACK L.L.P. |
| 3 | 1201 Third Avenue, Suite 3200 |
|   | Seattle, WA 98101-3052 |
| 4 | (206) 623-1900 |
|   | Fax (206) 623-3384 |
| 5 | dloeser@kellerrohrback.com |
| 6 |  |
|   | Proposed InterimCo-Lead Counsel |
| 7 |  |
| 8 |  |
| 9 | MCGUIRE WOODS LLP |
| 10 |  |
|   | */s/ David C. Powell* |
| 11 | David C. Powell |
|   | David C. Powell SBN #129781 |
| 12 | dpowell@mcguirewoods.com |
|   | Todd J. Dressel SBN #220218 |
| 13 | tdressel@mcguirewoods.com |
| 14 | Athena G. Rutherford SBN# 328824 |
|   | arutherford@mcguirewoods.com |
| 15 | Two Embarcadero Center |
|   | Suite 1300 |
| 16 | San Francisco, CA 94111-3821 |
|   | Telephone:   415.844.9944 |
| 17 | Facsimile:   415.844.9922 |
| 18 |  |
|   | Molly W. White SBN #171448 |
| 19 | mwhite@mcguirewoods.com |
|   | 1800 Century Park East |
| 20 | 8th Floor |
|   | Los Angeles, CA  90067-1501 |
| 21 | Telephone:   310.315.8200 |
| 22 | Facsimile:   310.315.8210 |
| 23 | *Attorneys for Wells Fargo & Company and Wells Fargo Bank, N.A.* |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |

JOINT CASE MANAGEMENT STATEMENT