UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO UNAUTHORIZED PRODUCTS LITIGATION | Case No. 24-cv-01223-TLT<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND; GRANTING MOTION TO DISMISS; DENYING MOTION TO STAY DISCOVERY**<br><br>Re: ECF 145, 149, 150, 165 |

After over 400 days of litigation, eight complaints, and 29 plaintiffs, this case now teeters on a single unknown monthly charge for "Tlg*Idprot533252257." Plaintiffs Amanda Gonzales, Vikalp Agrawal, Christopher Barker, Nazia Barker, Calvin Boyd, Matt Boyle, Matt Brady, Jane Cothern, Basil Higgs, Matt Huber, Ezdehar Husein, Claudia Martinez, Joseph Mitchell, Chad Nicholson, Alcira Rocha, Sean Rose, Carey Runzel-Oberly, John Schultz, Clenten Sims, Winfred "Mo" Thomas, Sara White, Joseph Young, and Trevor Zander (collectively, "Plaintiffs") tread forward with their second amended consolidated class action complaint against Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo" or "Defendant"). ECF 147.

Before the Court are three motions: (1) Plaintiffs' motion for leave to amend their second amended complaint, ECF 145, (2) Defendant's motion to dismiss the second amended complaint, ECF 149, and (3) Defendant's motion to stay discovery pending the resolution of the pending motions, ECF 150. The Court finds these motions appropriate for resolution without oral argument and takes the matter under submission. ECF 164; *see* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

After review and consideration of the motions, briefings, attachments and exhibits thereto, (1) Plaintiffs' motion for leave to amend is **DENIED**, (2) Defendant's motion to dismiss is **GRANTED** with prejudice, and (3) Defendant's motion to stay discovery is **DENIED**.

## I. BACKGROUND

### A. Factual Background

Defendant Wells Fargo & Company is incorporated in Delaware with its principal place of business and corporate headquarters in San Francisco, California. ECF 147, ¶ 33. Defendant Wells Fargo Bank, N.A. is a national banking association chartered under the laws of the United States with its primary place of business in Sioux Falls, South Dakota. *Id.* ¶ 34. Wells Fargo provides banking, insurance, investments, mortgage, and consumer and commercial finance services. *Id.* ¶ 33.

Plaintiffs allege that Defendant enrolled them and putative class members into add-on products and services ("AOPs") without their knowledge or consent. *Id.* ¶ 39. Plaintiffs contend that these unauthorized enrollments were due to Defendant's misguided employee compensation policies and their lack of adequate internal oversight and compliance functions. *Id.* ¶¶ 41–42. Plaintiffs allege that during the time period in which Plaintiffs and putative Class members had been enrolled in the unauthorized products and services, Defendant charged them fees—and sometimes interest on the fees or allowed third party vendors to charge them fees—for the AOPs. *Id.* ¶ 47. However, Plaintiffs had difficulty detecting these charges due to the way they were bundled and encrypted. *Id.* ¶ 45.

Plaintiffs assert that they discovered the unauthorized AOPs through letters sent by Defendant. *Id.* ¶¶ 7, 72–76. Between 2023 and 2024, Defendant sent out form notification letters ("Remediation Correspondence") to Plaintiffs and other current and former customers informing them that at some point previously they had been enrolled in a particular AOP. *Id.* ¶¶ 72–73. The Remediation Correspondence stated: "[i]f you feel that the enrollment in this product was not authorized or not wanted by you, please call us within 60 days of the date of this letter so that we may care for any impact this enrollment may have caused." *Id.* ¶ 73. Plaintiffs contend that this Remediation Correspondence contained soft and evasive language that downplays Defendant's culpability. *Id.* ¶ 82. In addition to the omissions and the vague and misleading language, Defendant also allegedly imposed procedural and administrative burdens on Plaintiffs and putative Class members to reduce response rates and remediation costs. *Id.* ¶ 86.

**B.  Procedural Background**

On February 29, 2024, Plaintiff Amanda Gonzalez filed a class action complaint against Wells Fargo & Company and Wells Fargo Bank, N.A.  ECF 1.  This lead action was consolidated with the following cases: (1) *Huber et al v. Wells Fargo & Company et al*, 3:24-cv-01348; (2) *Young v. Wells Fargo & Company et al*, 3:24-cv-01380; (3) *Rocha v. Wells Fargo & Company et al*, 3:24-cv-01468; (4) *Thomas v. Wells Fargo & Company et al*, 3:24-cv-01496; (5) *Runzel Oberly v. Wells Fargo & Company et al*, 3:24-cv-01883; (6) *Bishop v. Wells Fargo & Company et al*, 3:24-cv-02269; and (7) *Jordan et al v. Wells Fargo & Company et al*, 3:24-cv-01964.  On June 24, 2024, after consolidation, twenty-three (23) lead-plaintiffs filed an amended consolidated class action complaint.  ECF 82.

On December 12, 2024, the Court granted Defendant's motion to dismiss, dismissing all of Plaintiffs' claims with leave to amend.  ECF 141.  In the order, the Court was clear that leave was given only to "include specific facts explaining that Wells Fargo knew of the unauthorized enrollments at the time of charging; that Wells Fargo omitted the fact that Plaintiffs were enrolled in the products in their bank statements yet were able to directly and indirectly through third parties charge Plaintiffs for these products; and that Wells Fargo owed a duty to disclose such enrollments to Plaintiffs."  *Id.* at 10.  Leave was granted "only for the purpose of curing deficiencies in the Order."  *Id.* at 11.

Plaintiffs filed a second amended complaint.  ECF 147 (corrected complaint).  The second amended complaint removed six Plaintiffs and replaced them with six new Plaintiffs—Agrawal, Boyd, Martinez, Mitchell, Rose, and Schultz—including new allegations about various additional AOPs.  *Id.* ¶¶ 11, 15, 21–22, 25, 27.

In their second amended complaint, Plaintiffs allege thirteen causes of action: (1) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (2) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code. § 17200 *et seq.*; (3) violations of the New Mexico Unfair Practices Act ("NMUPA"), N.M. Stat. Ann. § 57-12-1 *et seq.*; (4) violations of the Minnesota Prevention of Consumer Fraud Act ("MNPCFA"), Minn. Stat. Ann. § 325F.68 *et seq.*; (5) violations of the Minnesota Uniform Deceptive Trade Practices

3

Act ("MNUDTPA"), Minn. Stat. Ann. § 325D.43 *et seq.*; (6) violations of the Nevada Trade Regulations and Practices Act ("NTRPA"), Nev. Rev. Stat. § 598.0903 *et seq.*; (7) violations of the Georgia Fair Business Practices Act ("GFBPA"), Ga. Code Ann. § 10-1-390 *et seq.*; (8) violations of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. Ann. § 75-1.1 *et seq.*; (9) violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*; (10) Violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.*; (11) unjust enrichment; (12) conversion; and (13) invasion of privacy by intrusion upon seclusion. *Id.* ¶¶ 379–487.

The Court granted a joint stipulation adjusting the briefing schedule of Plaintiffs' motion for leave to amend their second amended complaint, Defendant's motion to dismiss the second amended complaint, and Defendant's motion to stay discovery pending the resolution of the pending motions. ECF 143.

On December 27, 2024, Plaintiffs filed a motion for leave to amend their second amended complaint. ECF 145. Plaintiffs seek to add an additional claim to the second amended complaint. *Id.* Defendant timely filed an opposition, ECF 152, and Plaintiffs timely filed a reply, ECF 157.

On January 24, 2025, Defendant filed a motion to dismiss the second amended complaint. ECF 149. Plaintiffs timely filed an opposition, ECF 158, as well as a request for judicial notice, ECF 159. Defendant timely filed a reply, ECF 161, as well as an opposition to the request for judicial notice, ECF 163.

On January 24, 2025, Defendant also filed a motion to stay discovery pending the resolution of the motion to dismiss and the motion for leave to amend pleadings. ECF 150. Plaintiffs timely filed an opposition, ECF 158, and Defendant timely filed a reply, ECF 162.

## II. MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs seek to amend their second amended complaint to add an Illinois state law claim, due to the inclusion of a newly-added Illinois named Plaintiff John Schultz and an Illinois subclass. ECF 145, at 2. The deadline to amend pleadings in this action was July 18, 2024—five months prior to the instant motion. ECF 73, at 2. Defendant opposes the amendment. ECF 152.

4

After a court has set a deadline for amending the pleadings, a request to file an amended complaint that is made after the deadline for amending the pleadings has passed is governed by Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992). Rule 16(b)(4) provides that a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

"If a plaintiff demonstrates good cause under Rule 16(b), then the Court considers whether the requested amendment of the complaint is proper under Rule 15(a)." *In re Plantronics, Inc. Sec. Litig.*, No. 19-CV-07481-JST, 2024 WL 4485595, at *2 (N.D. Cal. Apr. 12, 2024). Under Federal Rule of Civil Procedure 15(a)(2), the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). But courts have discretion to deny leave to amend because of "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because Plaintiffs' motion for leave to amend comes five months after the expiration deadline to amend pleadings, *see* ECF 73, at 2, the Court must first determine whether Plaintiffs satisfy the Rule 16(b) standard. Plaintiffs fail to apply the Rule 16(b) standard in their motion. *See* ECF 145. Courts have found that a plaintiff's failure to apply Rule 16(b) standard is sufficient grounds to deny the motion. *See, e.g.*, *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *2 (N.D. Cal. Sept. 17, 2010) (finding failure to address reasonable diligence

1  warrants denial); *Life Techs. Corp. v. Ebioscience, Inc.*, No. 10CV2127-IEG NLS, 2012 WL

2  3628624, at *2 (S.D. Cal. Aug. 21, 2012) (same).

3        Plaintiffs address the Rule 16(b) standard for the first time in their reply brief.  ECF 157, at

4  3–6.  The Ninth Circuit has established that the "district court need not consider arguments raised

5  for the first time in a reply brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Thus, the

6  Court need not consider Plaintiffs' arguments as to the Rule 16(b) standard.

7        Even if the Court were to consider the reply, the Court finds Plaintiffs have not satisfied

8  the good cause standard.  In reply, Plaintiffs argue that newly-added Plaintiff Schultz did not

9  discover he had been charged for unauthorized AOPs until he received Remediation

10 Correspondence from Defendant more than a month after the deadline for amending pleadings.

11 *See* ECF 147, ¶ 355 ("On August 26, 2024, Wells Fargo sent a letter to Plaintiff Schultz informing

12 him that Wells Fargo's records indicated that he had been 'enrolled' in a 'FDR Multiple Products'

13 product from November 7, 2008 through May 19, 2009.").  Schultz contacted Plaintiffs after

14 receiving the letter.  ECF 157, at 4.  However, Plaintiffs give no justification for their delay in

15 seeking amendment from August to the filing of the instant motion in December.  Thus, even if

16 the Court were to consider Plaintiffs' Rule 16(b) argument raised for the first time in their reply

17 briefing, Plaintiffs have not carried their burden in establishing good cause under Rule 16(b).  *See*

18 *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (Plaintiffs did not establish

19 good cause "for not having amended their complaints before the time specified in the scheduling

20 order expired.").

21       The Court finds that Plaintiffs have not established good cause under Rule 16(b) for their

22 proposed amendments five months after the deadline to amend pleadings.  Accordingly, the Court

23 **DENIES** Plaintiff's motion for leave to amend.

24 //

25 //

26 //

27 //

28 //

## III. MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), Defendant filed a motion to dismiss seeking dismissal of all claims with prejudice. ECF 149, at 1–6. Plaintiffs oppose dismissal and, in the alternative, seek further leave to amend. ECF 158, at 1.

### A. Legal Standard

#### 1. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

"A plaintiff cannot proceed in federal court absent Article III standing, and 'must demonstrate standing for each claim he seeks to press.'" *Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 643 (9th Cir. 2020) (citation omitted); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). To establish standing, "a plaintiff must show (i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotation omitted). To be imminent, the threat of future injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

#### 2. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

1    "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Parties must allege fraud with particularity under Federal Rule of Civil Procedure 9(b), including the 'who, what, when, where, and how of the misconduct charged.'" *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (quoting *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019)). Allegations of the circumstances constituting fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

### 3. Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

A party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  Similar to a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *Id*.

### B.     Request for Judicial Notice

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Alternatively, the Court may "consider materials that are submitted with and attached to the Complaint.  [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  The Ninth Circuit has

8

1  cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which
2  "risks premature dismissals of plausible claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d
3  988, 998–99 (9th Cir. 2018).
4        Here, Plaintiffs request judicial notice of two exhibits as part of their opposition to the
5  motion to dismiss.  ECF 159.  Exhibit 1 is the California Department of Insurance Accusation
6  against Wells Fargo Bank N.A. and Wells Fargo Insurance, Inc., dated November 30, 2017.  ECF
7  159-1.  Exhibit 2 is the Sales Practices Investigation Report conducted by the Independent
8  Directors of the Board of Wells Fargo & Company, dated April 10, 2017.  ECF 159-2.  However,
9  Plaintiffs provide no argument for their requests beyond stating the standard for judicial notice and
10 incorporation-by-reference.  ECF 159, at 2.
11       Defendant opposes Plaintiffs' requests arguing that the requests are irrelevant and there is
12 reasonable dispute as to what the documents establish.  ECF 162, at 2.  The Court agrees with
13 Defendant and finds that the exhibits are not relevant to the issues before the Court.  *See Blye v.*
14 *California Supreme Court*, No. 11-cv-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21,
15 2014) ("Although the Rules of Evidence do not expressly require a fact to be relevant for it to be
16 judicially noticed, an irrelevant fact is one not of consequence in determining the action, *see* Fed.
17 R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."); *see also* Fed. R.
18 Evid. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative
19 fact.").  Plaintiffs do not even cite to Exhibit 1 in their opposition.  *See* ECF 158.  Accordingly, the
20 Court **DENIES** Plaintiffs' request for judicial notice for Exhibits 1 and 2.

    **C.**    **Discussion**

22       Plaintiffs find themselves in a Sisyphean task in alleging their claims.  If Plaintiffs allege
23 that they discovered charges for unauthorized AOPs in their financial statements, then Plaintiffs
24 risk most of their claims being time-barred.  If Plaintiffs allege that their financial statements do
25 not contain any charges for unauthorized AOPs, then Plaintiffs risk failing to meet their pleading
26 burden.  Over the course of eight complaints, Plaintiffs have swapped potential named Plaintiffs in
27 and out in a nationwide game of musical chairs, hoping that they may overcome their clashing
28 positions.  Defendant brings four arguments in their motion to dismiss: (1) Plaintiffs' claims are

time-barred; (2) Plaintiffs' allegations fail to meet the Rule 9(b) pleading standard; (3) Plaintiffs failed to state claims upon which relief may be granted; and (4) newly named Plaintiffs and AOPs must be stricken because they exceed the scope of the prior dismissal order. ECF 149. Plaintiffs provide opposition to each argument. ECF 158. The Court will address each in turn.

### 1. Many of Plaintiffs' claims are barred by statute of limitations.

Defendant contends that Plaintiffs' claims remain barred by the statute of limitations. ECF 149, at 6. All of Plaintiffs' claims have a statute of limitations between 2 to 6 years. *See* 111 A.L.R. Fed. 647 (FCRA statute of limitations is 2 years); Cal. Bus. & Prof. Code § 17208 (UCL statute of limitations is 4 years); *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 22, 138 N.M. 851, 856 (NMUPA statute of limitations is 4 years); *Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 705 (D. Minn. 2020) (MNPCFA and MNUDTPA statute of limitations is 6 years); Nev. Rev. Stat. Ann. § 11.190 (NTRPA statute of limitations is 6 years); Ga. Code Ann. § 10-1-401 (GFBPA statute of limitations is 2 years); N.C. Gen. Stat. Ann. § 75-16.2 (NCUDTPA statute of limitations is 4 years); Ark. Code Ann. § 4-88-115 (ADTPA statute of limitations is 5 years); N.J. Stat. Ann. § 2A:14-1 (NJCFA statute of limitations is 6 years); Cal. Code. Civ. Proc. §§ 338–39 (claims based on a written instrument is 3 years or claims not based on a written instrument is 2 years); Cal. Code. Civ. Proc. §338(c) (conversion statute of limitations for is 3 years); Cal. Code. Civ. Proc. § 335.1 (statute of limitations for invasion of privacy by intrusion upon seclusion is 2 years). Defendant argues that Plaintiffs' claims accrued six years before Plaintiffs filed their original complaint on February 29, 2024.

Plaintiffs argue that they are entitled to the delayed discovery rule. ECF 158, 3–8. To avoid the statutes of limitations on stale claims under the delayed discovery rule, Plaintiffs must plead specific facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *WA Sw. 2, LLC v. First Am. Title Ins. Co.*, 240 Cal. App. 4th 148, 156 (Cal. Ct. App. 2015) (quotations omitted); *see also Fox v. Ethicon Endo-Surgery*, Inc., 110 P.3d 914, 920 (Cal. 2005).

In the Court's previous order, the Court found that Plaintiffs had failed to satisfy the delayed discovery rule, nevertheless, the Court permitted Plaintiffs leave to amend to allege

10

1  "specific facts as to how Plaintiffs could not have discovered that they were enrolled and being
2  charged for unauthorized [AOPs] by looking at their bank statements and financial records." ECF
3  141, at 7.  Plaintiffs allege that they have always reviewed their bank statements and re-reviewed
4  their still-available bank statements for the last seven years.  ECF 158, at 4.  Plaintiffs allege that
5  they could not have made a discovery before the Remediation Correspondence for three reasons:
6  (1) bundling of fees, (2) account creation, and (3) encryption.  *Id.* at 4–6.  The Court will address
7  each allegation in turn.

8        First, Plaintiffs argue that Defendant had a practice bundling fees for unauthorized AOPs
9  into periodic, variable payments such as variable-rate loan payments or escrow charges.  ECF 158,
10  at 4.  Because unauthorized charges were combined into line items that consumers expected would
11  fluctuate in any event, and because the charges were not disclosed, consumers had no reason to
12  suspect that they were being charged for services in which they had never enrolled.  *Id.*  Plaintiffs
13  cite to three examples in their amended complaint.  *Id.*  Plaintiff Boyd was informed that he was
14  enrolled in three AOPs, but a review of his statements only indicates a line entry saying "0" for
15  "optional products."  ECF 147, ¶¶ 159–60, 163.  Thus, Defendant may have bundled charges for
16  AOPs into Boyd's escrow or variable mortgage payments without his knowledge.  ECF 158, at 4.
17  Similarly, Plaintiffs Brady and Schultz were subject to this bundling practice.  *Id.* at 4 n.3 (citing
18  ECF 147, ¶¶ 272–82, 354–63).

19        Defendant argues Plaintiffs' examples are misleading.  ECF 161, at 2.  Plaintiff Boyd's
20  line entry is from his 2010 mortgage statement—a year Boyd did not allege he was enrolled in any
21  AOP.  ECF 147, ¶¶ 159–160, 163.  The Court cannot infer the existence of a charge within the
22  enrollment dates from the absence of a charge outside of the enrollment dates.  For Plaintiff Brady,
23  he did not review mortgage statements during the time of his alleged enrollment in Identity Theft
24  Protection – Affinion from June 8, 2012 to September 27, 2012—but rather only his original
25  mortgage loan documentation and statements starting in 2016.  *Id.* ¶ 272.  Plaintiff Schultz alleges
26  that he conducted "an investigation of his own records" but provides no specific facts of bundling
27  or why he was unable to discover he was being charged for an AOP.  *Id.* ¶ 359.  The Court agrees
28

1   with Defendant and find Plaintiffs' allegations of bundling to be unsupported.  The allegations of

2   bundling do not satisfy the delayed discovery rule.

3   Next, Plaintiffs argue that Defendant had a practice of creating accounts in consumers'

4   names and then enrolling them in unauthorized AOPs to that bogus account.  ECF 158, at 5.

5   Because consumers did not receive statements for the bogus accounts, they had no reason to

6   suspect, much less know of, charges for.  *Id.*  Plaintiffs cite to two examples in their amended

7   complaint.  *Id.*  Plaintiffs Young and Rose allege that they never had a financial relationship with

8   Defendant but received the Remediation Correspondence.  ECF 147, ¶¶ 166, 364.

9   Defendant counters that Plaintiffs Young and Rose fail to allege how money belonging to

10  them was taken from their Wells Fargo accounts that they never funded or knew about.  ECF 161,

11  at 3.  The Court agrees.  It is unclear from the allegations how Plaintiffs could have been charged

12  for unauthorized AOPs when they did not create and fund the accounts themselves.  How were

13  Plaintiffs charged for unauthorized AOPs when these alleged bogus accounts did not contain their

14  money?  The Court finds that these allegations of account creation are conclusory and do not

15  satisfy the delayed discovery rule.

16  Finally, Plaintiffs allege that Defendant charged consumers for unauthorized AOPs using

17  incomprehensible codes that put no reasonable person on notice of the factual basis for their

18  claims. ECF 158, at 5. Plaintiffs cite to one example from their amended complaint.  *Id.*  Plaintiff

19  Huber conducted a post-hoc review of available bank records and discovered three charges of

20  $12.99 for "Tlg*Idprot533252257" over the span of 19 months.  ECF 147, ¶¶ 139–41.  Huber

21  conducted a Google search of the charge and still does not know what the charge stems from.  *Id.*

22  ¶ 140.

23  In response, Defendant argues that Plaintiffs purposely omit portions of Huber's

24  statements to mislead the Court into finding delayed discovery.  ECF 161, at 4.  Defendants

25  request that the Court find Exhibit A, Huber's monthly statements from August 2017, August

26  2018, and March 2019, and Exhibit B, Huber's other monthly statements for the period from July

27  2017 through May 2019, incorporated by reference.  *See* ECF 161-1, Exhibits ("Exs.") A and B.

28  The Court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1)

12

the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also In re Diamond Foods, Inc. Sec. Litig.*, No. C 11–05386 WHA, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012) ("Under the incorporation by reference doctrine, a court may also consider documents submitted by defendants that were referenced in the complaint and whose authenticity has not been questioned."). Here, the Court finds that Huber's monthly statements from July 2017 through May 2019, which Huber alleges to have conducted a post-hoc review of, are incorporated by reference. *See* ECF 147, ¶¶ 139–41.

Turning to Huber's statements, Defendant argues that each statement contains a telephone number associated with the charge, which Huber does not allege to have called as part of his reasonable investigation. ECF 161, at 3. Further, while Huber alleges only three such charges, the statements show that the charge was made for each month from August 2017 to May 2019. ECF 161-1, Exs. A and B. Defendant argues that considering all of Huber's statements, Huber has not conducted a reasonable investigation required for the delayed discovery rule. Plaintiffs "are required to conduct a reasonable investigation after becoming aware of an injury." *Christensen v. Zions Bancorporation*, No. 322CV00007RBMKSC, 2023 WL 2212753, at *5 (S.D. Cal. Jan. 24, 2023), *appeal dismissed*, No. 23-55171, 2023 WL 5453352 (9th Cir. May 11, 2023) (quoting *Fox*, 110 P.3d at 920).

The Court finds it surprising that Huber was charged every month for 19 months and failed to inquire about the charge until the middle of this litigation. The complaint is silent regarding any other efforts to discern the origin of the charges beyond a Google search. Plaintiffs do not even allege to have called the telephone number associated with the charge. These allegations of encryption and reasonable investigation do not satisfy the delayed discovery rule.

The Court finds that Plaintiffs have failed alleged specific facts to meet their burden to show diligence for delayed discovery. *Fox*, 110 P.3d at 920. After review of the Plaintiffs' alleged unauthorized AOPs and claims, the following claims remain:

1. Amanda Gonzales
   a. For Accidental Death: (1) FCRA claim from February 28, 2022, (2) NMUPA claim from February 28, 2020, (3) unjust enrichment from February 28, 2021, (4) conversion from February 28, 2021, and (5) invasion of privacy from February 28, 2022. The alleged end of enrollment is December 25, 2022. ECF 147, ¶ 116.
2. Matt Huber
   a. For Credit Defense: (1) MNCPA from February 28, 2018 and (2) MNDTPA from February 28, 2018. The alleged end of enrollment is June 15, 2018. ECF 147, ¶ 135.
   b. For Identity Theft Protection–Affinion: (1) FCRA claim from February 28, 2022, (2) MNCPA from February 28, 2018, (3) MNDTPA from February 28, 2018, (3) unjust enrichment from February 28, 2021, (4) conversion from February 28, 2021, and (5) invasion of privacy from February 28, 2022. No enrollment dates were alleged because the Remediation Correspondence did not contain enrollment dates. ECF 147, ¶¶ 134, 136.
3. Matthew Boyle:
   a. For Accidental Death: (1) NJCFA from February 28, 2018. The alleged end of enrollment is March 31, 2018. ECF 147, ¶ 286.

These claims remain because the Remediation Correspondence did not contain enrollment dates or the alleged enrollment dates partially fall outside of the time-barred period. The Court finds that all other claims are time-barred. Accordingly, the Court **GRANTS** the motion to dismiss for these claims.

### 2. Plaintiffs have not met their Rule 9(b) pleading burden.

In the prior order, the Court found that all of Plaintiffs' claims sounded in fraud such that they were subject to the Federal Rule of Evidence 9(b) pleading burden. ECF 141, at 7–8. Plaintiffs did not dispute their heightened pleading burden in their briefing and conceded that they relied on a fraud theory. *Id.* at 8; ECF 152-1, Ex. 7, at 31:1 (Plaintiffs' counsel confirming "[w]e

are alleging fraud by omission."). The Court found that Plaintiffs failed to meet their pleading burden for misrepresentation by omission. ECF 141, at 10. However, the Court provided Plaintiffs with leave to amend to include "specific facts explaining that Wells Fargo knew of the unauthorized enrollments at the time of charging; that Wells Fargo omitted the fact that Plaintiffs were enrolled in the products in their bank statements yet were able to directly and indirectly through third parties charge Plaintiffs for these products; and that Wells Fargo owed a duty to disclose such enrollments to Plaintiffs." *Id.*

In a twist, Plaintiffs now argue that, contrary to their prior position, their claims do not sound in fraud and the Rule 9(b) pleading burden is inapplicable. *See* ECF 158, at 8–9. Plaintiffs contend that their theory is that Defendant's business model emphasized sales of third-party services and bank customers. *Id.* at 8. Defendant established an employee incentive compensation program that pushed sales of those services, which coupled with Defendant's lack of adequate oversight, led to the unauthorized AOPs. *Id.* Thus, Plaintiffs argue that their claims do not sound in fraud.

Defendant argues that the Court has already held that Plaintiffs' claims sound in fraud and must meet the Rule 9(b) pleading burden. ECF 161, at 11. Defendant urges the Court to reject Plaintiffs' contrary position under the law of the case doctrine. *Id.* "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).

However, the law of the case doctrine is not applicable to the filing of an amended complaint. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018) ("If the district court determines the amended complaint is substantially the same as the initial complaint, the district court is free to follow the same reasoning and hold that the amended claims suffer from the same legal insufficiencies. The district court is not, however, bound by any law of the case."). Thus, the Court will not apply the law of the case doctrine here.

The Court will review the amended complaint to determine whether Plaintiffs' claims still sound in fraud. Here, Plaintiffs attempt to plead around their previously asserted fraud theory by

15

1  removing allegations that Defendant omitted enrollment in unauthorized AOPs from Plaintiffs'
2  financial statements. *Compare* ECF 82, ¶ 98 *with* ECF 147. Instead, Plaintiffs now assert
3  Defendants "secretly" enrolled Plaintiffs into AOPs without their consent and charged Plaintiffs
4  for these AOPs through difficult to detect transfers from their accounts. ECF 147, ¶ 49.
5  "Enrolling Wells Fargo customers in third-party insurance products without authorization was
6  easy to do." *Id.* ¶ 44. Wells Fargo employees could copy information from the Wells Fargo
7  program and paste it into the third-party insurance provider program. *Id.* No customer signature
8  was required, and although disclosures prior to enrollment were required, these disclosures were
9  not provided to customers. *Id.* Defendant then transferred funds in and out of Plaintiffs' accounts
10 through difficult to detect transfers. *Id.* ¶ 49.

11 While Plaintiffs assert that they no longer assert a fraud by omission theory, their new
12 allegations do not assert a theory that differs from their prior complaint. Plaintiffs continue to
13 allege that Defendant secretly enrolled Plaintiffs into AOPs and surreptitiously extracted funds to
14 pay for those AOPs. ECF 147, ¶ 49. The Court finds that Plaintiffs' claims sound in fraud. Rule
15 9(b) heightens the pleading requirements for all claims that "sound in fraud" or that are "grounded
16 in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed.
17 R. Civ. P. 9(b). Where claims sound in fraud, Rule 9(b) requires they be pled with particularity.
18 *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir. 2003) (Rule 9(b) requires the
19 party alleging fraud to plead "the who, what, when, where, and how" of the misconduct); *In re*
20 *Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (pleading in particularity is necessary
21 even if fraud is not an essential element of the claim).

22 In the prior order, the Court found, among other findings, that Plaintiffs must allege for
23 more facts alleging the "how." ECF 141, at 9. Specifically, "how Defendants omitted Plaintiffs'
24 enrollment in the products in their bank statements, but that Plaintiffs were somehow also charged
25 for these products." *Id.*

26 In their opposition, Plaintiffs argue that their allegations satisfy the Rule 9(b) pleading
27 burden. ECF 158, at 9–12. Plaintiffs contend that a review of Plaintiffs' financial statements do
28 not reveal enrollment because of the bundling the charges with other periodic payments; cryptic

charges with no description of the service or product associated; or charges applied to fake accounts opened in the consumers' name. *Id.* at 11.

The Court rejected Plaintiff's bundling and account creation allegations as conclusory and unsupported. *See supra* Section III.C.1. For Plaintiffs' cryptic charges allegations, Plaintiffs cite only to Huber's financial statements which contain a monthly $12.99 charge from August 2017 to May 2019 for "Tlg*Idprot533252257." ECF 147, ¶¶ 139–41; ECF 161-1, Exs. A and B. Plaintiffs do not allege that this $12.99 charge is for an unauthorized AOP. ECF 147, ¶ 140. Rather, Plaintiffs allege that they do not know what the charge is for. *Id.* Thus, Plaintiffs now assert that Defendant enrolled Plaintiffs in AOPs without their consent and charged them, but Plaintiffs could not have known because the charges were difficult to understand. There are twenty-three named Plaintiffs in this action, but Plaintiffs' entire theory of fraud has come down to Huber's lack of knowledge about a monthly $12.99 charge he paid from August 2017 to May 2019.

Plaintiffs ask the Court to infer from Defendant's Remediation Correspondence—which the Court already found to not be an admission of unauthorized enrollment, *see* ECF 141, at 8 ("asking consumers if they feel the products or services were unwanted or unauthorized")—and from Huber's unknown charge that Defendant enrolled all Plaintiffs into AOPs without consent and charged them without any notice. Plaintiff's entire theory of liability for all twenty-three named Plaintiffs requires the Court to infer that Huber's unknown charge is a charge for an unauthorized AOP. The Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Court finds that Plaintiffs have not alleged a plausible theory of liability. *Iqbal*, 556 U.S. at 678.

Taking Plaintiffs' allegations are true, Wells Fargo may have enrolled customers into AOPs without their consent over the course of the last twenty years. However, after over 400 days of litigation, eight complaints, and 29 Plaintiffs, not a single Plaintiff has been able to allege with particularity that they were charged for unauthorized AOPs. Not a single Plaintiff has been able to find a single charge for an unauthorized AOP in any of their financial statements over the last

twenty years. *See* ECF 147, ¶ 262 (earliest alleged enrollment date is October 12, 2006). Third-party discovery has revealed that two named-Plaintiffs even signed enrollment forms for AOPs but simply do not remember signing them.[1] *Id.* ¶¶ 127–28, 188–89.

Plaintiffs have failed to allege their fraud theory for all their claims. It is still unclear from the allegations how Defendant omitted the fact that Plaintiffs were enrolled in the AOPs in their financial statements yet was able to directly and indirectly through third parties charge Plaintiffs for these AOPs. Accordingly, the Court **GRANTS** Defendant's motion to dismiss for the remaining claims.

### 3. The Court finds leave to amend to be futile.

Pursuant to Rule 15(a)(2), a party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The nonmovant bears the burden of demonstrating why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Supreme Court has outlined five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that the amended complaint suffers from the same deficiencies as the previously dismiss complaint. ECF 141, at 11. The Court provided Plaintiffs leave to amend to provide specific facts to rebut the statute of limitations and to fulfill their pleading burden. *Id.* Plaintiffs failed to do so. Plaintiffs have had over a year of litigation, eight complaints, and a nationwide roster of Plaintiffs to assert a plausible theory of liability. Plaintiffs have still not done

---

[1] The Court does not consider material outside of the four corners of the complaint or subject to incorporation by reference and judicial notice. However, the Court notes that Defendant asserts that at least four previous named Plaintiffs were dropped for similar reasons. *See* ECF 152, at 2 n.2 (Third-party discovery further confirmed that four dropped named Plaintiffs "were likely aware of their AOP enrollments at the time of initial enrollment, that they likely applied for their AOPs, and that some even attempted to make claims on them.").

1  so. The Court finds that further amendment would be futile. Accordingly, the Court **DENIES**

2  request for leave to amend.

### IV. MOTION TO STAY DISCOVERY

Defendant filed a motion to stay discovery pending resolution of Defendant's motion to dismiss and Plaintiffs' motion for leave to amend. ECF 150. Defendant seek an order staying discovery until after this Court enters an order on Defendant's motion to dismiss, in the event that any of Plaintiffs' claims survive the motion to dismiss. *Id.* at 1–2.

The Court may stay discovery "for good cause" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(c). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

In the Ninth Circuit, courts often apply a two-prong test to determine whether it should stay discovery while a motion to dismiss is pending. *Urban v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1137 (N.D. Cal. 2023). First, the moving party "must demonstrate the pending motion is potentially dispositive of the entire case." *Id*. Second, the Court "must determine that the pending motion can be decided absent discovery." *Id.*

Because the Court has decided Defendant's motion to dismiss, the Court **DENIES** as moot Defendant's motion to stay discovery. *Id.* at 1138 (denying as moot the motion to stay discovery because the court decided the motion to dismiss); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 686 (N.D. Cal. 2020) (same); *Clancy v. The Bromley Tea Company*, 308 F.R.D. 564, 577 (N.D. Cal. 2013) (same).

### V. CONCLUSION

For the reasons stated above, the Court (1) **DENIES** Plaintiffs' motion for leave to amend, **GRANTS** Defendant's motion to dismiss with prejudice, and (3) **DENIES** Defendant's motion to stay discovery as moot. The Court finds the leave to amend would be futile. Accordingly, the Court dismisses the action with prejudice.

Plaintiffs' Administrative Motion to Modify the Case Management and Scheduling Order is **DENIED** as moot. ECF 165. All future dates, including the upcoming case management

conference scheduled for April 17, 2025, are hereby vacated. The Clerk of the Court is ordered to close the case.

This case is the consolidation of seven cases. Because this Order dismisses for all claims with prejudice, this Order likewise dismisses with prejudice the claims in: (1) *Huber et al v. Wells Fargo & Company et al*, 3:24-cv-01348; (2) *Young v. Wells Fargo & Company et al*, 3:24-cv-01380; (3) *Rocha v. Wells Fargo & Company et al*, 3:24-cv-01468; (4) *Thomas v. Wells Fargo & Company et al*, 3:24-cv-01496; (5) *Runzel Oberly v. Wells Fargo & Company et al*, 3:24-cv-01883; (6) *Bishop v. Wells Fargo & Company et al*, 3:24-cv-02269; and (7) *Jordan et al v. Wells Fargo & Company et al*, 3:24-cv-01964. The Clerk of the Court is ordered to close these cases.

This Order resolves ECF 145, 149, 150, 165.

**IT IS SO ORDERED.**

Dated: April 16, 2025

_____
TRINA L. THOMPSON
United States District Judge